UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HARRISTON LEE BASS, JR.,<br><br>                      Petitioner,<br>     v.<br>RENEE BAKER, *et al.*,<br><br>                      Respondents. | Case No. 3:19-cv-00411-MMD-WGC<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court for preliminary review of the amended petition filed on September 4, 2019. (ECF No. 4.) Petitioner has also filed a motion for appointment of counsel, and a motion for leave to file excess pages. (ECF Nos. 5, 6.) Following its review of the petition, the Court will again direct Petitioner to amend his petition. The Court will also direct Petitioner to show cause why this action should not be dismissed as time-barred.[1]

On August 5, 2019, the Court directed Petitioner to file an amended petition on the Court's form or in substantial compliance with the Court's form. (ECF No. 3.) The Court also instructed Petitioner to refrain from lengthy factual or legal argument. While Petitioner has filed an amended petition that incorporates the first two pages of the form and the first sheet for each ground, it does not include the pages that follow each ground, *e.g.*, pages 4, 6 and 8, on which Petitioner should identify whether and how each ground has been exhausted. Further, the petition continues to contain lengthy factual and legal

---

[1] The Court will continue to defer a decision on Petitioner's other motions until after Petitioner has responded to the order to show cause and filed a second amended petition in compliance with the Court's order.

argument. Petitioner again will be directed to file an amended petition, incorporating the exhaustion pages after each ground. Again, Petitioner is advised to refrain from lengthy factual and legal argument to the extent possible. Petitioner is also directed to omit any exhibits from his petition save and except written findings of the state courts.

In addition, following review of the petition and the relevant state court dockets, of which the Court takes judicial notice, the Court finds the petition untimely on its face and therefore directs Petitioner to show cause why it should not be dismissed as time-barred.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Petitioner here challenges his 2008 judgment of conviction in Eighth Judicial District Court, on several counts, including second degree murder and fifty-five drug related counts. (ECF No. 4 at 2, 91.) *See also* Direct Appeal Ord. of Affirmance, Dated May 18, 2010, *available at* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=20842 (last accessed September 25, 2019). Petitioner indicates that his direct appeal was decided on February 18, 2011, which roughly corresponds with the date of issuance of remittitur on petitioner's direct appeal (February 14, 2011). (ECF No. 4 at 1.) *See also* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=20842 (last accessed September 25, 2019). The specific date, in the context of this case, is not necessarily important, because after the Nevada Supreme Court's remittitur issued, petitioner filed a petition for writ of certiorari with the United States Supreme Court. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=20842 (last accessed

September 25, 2019). The United States Supreme Court denied certiorari on June 30, 2011, and denied reconsideration on September 6, 2011. *See id.* Therefore, the latest possible date on which Petitioner's conviction became final was September 6, 2011.

Petitioner filed his state postconviction petition on February 14, 2012. (ECF No. 4 at 1.) *See also* Opening Brief (Postconviction Appeal) Dated September 7, 2017, *available at* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=40151 (last accessed September 25, 2019). Remittitur on the Nevada Supreme Court's decision affirming denial of the state petition issued on August 14, 2018. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=40151 (last accessed September 25, 2019).

The AEDPA statute of limitations began to run the day after Petitioner's conviction became final, or on September 7, 2011, and was tolled during the pendency of Petitioner's state postconviction petition, from February 14, 2012, until August 14, 2018. The clock began to run again on August 15, 2018. Before petitioner initiated his state postconviction proceedings, 160 days elapsed on the federal clock. Accordingly, once remittitur issued on the state postconviction proceedings, the statute of limitations expired 205 days later, or on March 7, 2019. This petition filed no earlier than July 7, 2019[2] is therefore untimely on its face. Petitioner must show cause why the petition should not be dismissed as time-barred.

In this regard, Petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

---

[2]Although Petitioner's *in forma pauperis* application is dated February 19, 2019, the attached financial certificate is dated June 12, 2019, and the motion for appointment of counsel filed along with the pauper application and petition is dated July 7, 2019. The Court received the petition on July 19, 2019. The Court therefore concludes Petitioner dispatched his petition for filing no earlier than July 7, 2019.

3

Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. The petitioner accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his or her filing. *See, e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner is further informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D), (d)(2).

Petitioner is further informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998) (internal quotation marks omitted).

It is therefore ordered that Petitioner must show cause within 30 days of the date of this order why the action should not be dismissed as untimely. If Petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If Petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

4

It is further ordered that all assertions of fact made by Petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

It is further ordered that Petitioner will file an amended petition on the Court's form within 30 days of the date of this order. Failure to do so will result in the dismissal of the petition without prejudice and without further advance notice.

The Clerk of Court is directed to send Petitioner a copy of the Court's form for 28 U.S.C. § 2254 petitions.

DATED THIS 26th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE