UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HARRISTON LEE BASS, JR.,

Petitioner,

v.

REGINA BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00411-MMD-WGC

ORDER

## I.   SUMMARY

Petitioner Harriston Lee Bass, Jr., is a *pro se* Nevada state prisoner who initiated this habeas corpus proceeding under 28 U.S.C. § 2254. Currently before the Court is Bass's two-part response ("Response") (ECF Nos. 8, 9) to the Court's Order to Show Cause ("OSC") (ECF No. 7),[1] as well as his Motion for Appointment of Counsel (ECF No. 5) and Motion to Exceed Page Limit (ECF No. 6). For the reasons discussed below, the Court dismisses his Amended Petition for Writ of Habeas Corpus (ECF No. 4) with prejudice as untimely and denies the remaining motions.

## II.   BACKGROUND

Bass challenges a 2008 conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"), pursuant to a jury verdict, of one count of second-degree murder and 55 drug related counts. (ECF No. 4 at 2, 91.) *See also Bass v. State of Nevada*, Case Nos. 51822, 53072 (Nev. Sup. Ct.), Direct Appeal Ord. of Affirmance, dated May 18, 2010.[2] Bass appealed to the Nevada Supreme Court but was

---

[1]The OSC outlines the relevant procedural background. (*See* ECF No. 7.)

[2]This procedural history is derived from the amended petition and exhibits located at ECF No. 4 of the Court's docket as well as the public docket records of the Eighth Judicial District Court and Nevada Supreme Court. This Court takes judicial notice of the

not successful. *See id.* His conviction became final on September 6, 2011, when the United States Supreme Court denied reconsideration of his petition for writ of certiorari.

Bass filed a state petition for writ of habeas corpus on February 14, 2012, seeking post-conviction relief ("state petition"). The state petition was denied. Bass appealed. The Nevada Supreme Court affirmed the denial of relief and issued a remittitur on August 14, 2018. *See Bass v. State of Nevada*, Case No. 70934 (Nev. Sup. Ct.), State Petition Ord. of Affirmance, dated July 20, 2018 ("post-conviction appeal").

On July 19, 2019, Bass filed his original federal habeas petition in this case. (ECF No. 1.) This Court directed Bass to file an amended petition on the Court's form or in substantial compliance with the Court's form. (ECF No. 3.) The Court also instructed Bass to refrain from lengthy factual or legal argument. (*Id.*) Bass filed an amended petition (ECF No. 4), but it failed to follow the Court's instructions.[3]

The Court issued the OSC (ECF No. 7) on September 26, 2019, ordering Bass to show cause why his petition should not be dismissed with prejudice as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A):

> The AEDPA statute of limitations began to run the day after Petitioner's conviction became final, or on September 7, 2011, and was tolled during the pendency of Petitioner's state postconviction petition, from February 14,

proceedings in Bass's criminal and post-conviction matters in the Nevada courts. Records of those proceedings may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. (last accessed Nov. 20, 2019).

[3]In the OSC, the Court found that the amended petition incorporates the first two pages of the form petition and the first sheet for each ground, but it does not include the pages that follow each ground (*see e.g.*, ECF No. 7 at 4, 6 and 8) on which Bass must identify whether and how each ground has been exhausted. Further, the amended petition continues to contain lengthy factual and legal argument. Accordingly, the Court ordered Bass to file a second amended petition, incorporating the exhaustion pages after each ground, and to refrain from lengthy factual and legal argument to the extent possible. The deadline to file a second amended petition was 30 days after entry of the OSC: October 26, 2019. To date, Bass has not filed a second amended petition. Nevertheless, because Bass's Response fails to demonstrate timeliness, the Court finds that further amendment would be futile and dismisses the amended petition.

2012, until August 14, 2018. The clock began to run again on August 15, 2018. Before petitioner initiated his state postconviction proceedings, 160 days elapsed on the federal clock. Accordingly, once remittitur issued on the state postconviction proceedings, the statute of limitations expired 205 days later, or on March 7, 2019. This petition filed no earlier than July 7, 2019, is therefore untimely on its face. Petitioner must show cause why the petition should not be dismissed as time-barred.

(ECF No. 7 at 3:11-19.) The Court warned: "If Petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice." (*Id.* at 4:24-26.)

Bass filed a two-part response (ECF Nos. 8, 9) asserting there "is no time bar." (ECF No. 8 at 1.) He states that the Nevada Supreme Court issued its order of affirmance in the post-conviction appeal on July 20, 2018, and he filed his original federal petition on July 19, 2019. Bass therefore claims his federal petition was filed within AEDPA's one-year limitation.

## III. DISCUSSION

AEDPA establishes a one-year period of limitations for federal habeas petitions filed by state prisoners under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *See* 28 U.S.C. § 2244(d)(1)(A). If the petitioner seeks direct review from the highest state court and then files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the United States Supreme Court finally denies the petition. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). If a petitioner fails to file a federal petition before the expiration of the statute of limitations, the petitioner is barred from proceeding on his claims unless tolling applies. *See generally Chaffer v. Prosper*, 592 F.3d 1046, 1048-49 (9th Cir. 2010) (per curiam).

The AEDPA one-year limitation period is tolled while a "properly filed application" for post-conviction relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A state

post-conviction petition is "pending" as long as the ordinary state collateral review process is in continuance. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). No statutory tolling is allowed for the time period between the finality of a direct appeal and the filing of a state petition for post-conviction relief or other collateral review because no state petition is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). Likewise, no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal habeas petition. *See Nino*, 183 F.3d at 1007.

Here, Bass's Response fails to provide any facts to show that his original federal petition was timely filed. Bass contends that his petition was timely because the Nevada Supreme Court issued its order of affirmance in the post-conviction appeal on July 20, 2018, and he filed his petition on July 19, 2019. However, this assertion does not address the time period between the finality of his direct appeal and the filing of the state petition, *i.e.*, from September 7, 2011, through February 14, 2012. As the OSC explained, 160 days elapsed during this time, meaning that 205 days remained for Bass to file his federal petition once the post-conviction appeal ended. (ECF No. 7 at 3:11-19.) Since a remittitur was issued in the post-conviction appeal on August 14, 2018, the federal clock restarted the following day, and the statute of limitations expired 205 days later on March 7, 2019. Bass filed his petition on July 19, 2019—121 days after the AEDPA deadline expired. Given the facts alleged in Bass's pleadings, the petition is untimely on its face. Bass's Response does not demonstrate that further factual development adding further detail may potentially lead to a different conclusion. Rather, the verified dates of the proceedings in Nevada courts support the finding of untimeliness. Bass has asserted no basis for equitable tolling or delayed accrual, and none otherwise being apparent on the record, the Court finds that his petition is untimely and must be dismissed.

///

///

## IV. CONCLUSION

It is therefore ordered that Petitioner Harriston Lee Bass, Jr.'s Amended Petition for Writ of Habeas Corpus (ECF No. 4) is dismissed with prejudice as time-barred.

It is further ordered that a certificate of appealability is denied because reasonable jurists would not find the Court's dismissal of the petition as time-barred to be debatable or wrong.

It is further ordered that Bass's Motion for Appointment of Counsel (ECF No. 5) and Motion to Exceed Page Limit (ECF No. 6) are denied.

It is further ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action with prejudice, and close this case.

DATED THIS 21st day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE