# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HARRISTON LEE BASS, JR., | Case No. 3:19-cv-00411-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| REGINA BAKER, *et al.*, | |
| Respondents. | |

This closed habeas matter is before the Court on Petitioner Harriston Lee Bass, Jr.'s Responses to Order (ECF Nos. 12, 13)[1] and Motion for Order Requesting Relief (ECF No. 14). For the reasons discussed below, to the extent Bass's documents seek reconsideration of the order dismissing his amended petition, those requests are denied.

## I. BACKGROUND

Bass commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenged a 2008 conviction and sentence imposed by the Eighth Judicial District Court for Clark County.[2]

On initial screening, the Court ordered Bass to amend his Petition within 30 days to correct certain defects in the pleading. (ECF No. 3.) Bass was instructed to refrain from lengthy factual or legal argument and to use the court-approved form or write his amended petition in substantial compliance with the form pursuant to Rule 2(d) of the Rules Governing Section 2254 Cases. The Court specifically noted, "Petitioner at all times remains responsible for calculating the applicable statute of limitations. In ordering

---

[1] It appears that ECF Nos. 13 and 14 are duplicative documents.

[2] The Court's prior orders (ECF Nos. 3, 7, 10) fully outline the relevant procedural history.

[P]etitioner to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely." (*Id.* at 2 n.2.)

Bass filed an amended Petition. (ECF No. 4.) The Court conducted a second screening and determined that the amended Petition failed to follow the Court's instructions because the new pleading still contained lengthy factual and legal argument and omitted statements of exhaustion. (ECF No. 7.) The Court thus ordered Bass to file a second amended petition within 30 days, incorporating the exhaustion pages after each ground, and to refrain from lengthy factual and legal argument to the extent possible. In addition, the Court ordered Bass to show cause ("OSC") why the amended Petition should not be dismissed with prejudice as untimely by responding in writing with specific, detailed, and competent evidence. (*Id.*)

Although he did not file a second amended petition, Bass filed a two-part OSC response (ECF Nos. 8, 9) asserting that there "is no time bar." (ECF No. 8 at 1.) On November 21, 2019, the Court dismissed the amended Petition with prejudice as untimely and denied the remaining motions. (ECF No. 10.) The Court noted that Bass failed to file a second amended petition by October 26, 2019.[3] "Nevertheless, because [Bass's] OSC response fail[ed] to demonstrate timeliness, the Court [found] that further amendment would be futile and dismisse[d] the amended petition." (*Id.* at 2 n.3.)

**II.     DISCUSSION**

Bass filed his current responses and motion in the month following the dismissal order. The documents state that he is supplementing his OSC response. Bass claims that the law library at the Lovelock Correctional Center mishandled his OSC response because the two-part response was timely presented to the law librarian for filing.

---

[3]Although October 26, 2019, was 30 calendar days after the Court issued the OSC, that date fell on a Saturday when the Clerk's office was closed. Under the Federal Rules of Civil Procedure, any deadline that falls on a day the Clerk's office is inaccessible is automatically "extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." *See* Fed. R. Civ. P. 6(a)(3)(A). Thus, Bass's deadline to file an OSC response and second amended petition was automatically extended until October 28. Bass filed a two-part OSC response but never filed a second amended petition, either before or after October 28.

2

Rule 59(e) of the Federal Rules of Civil Procedure states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A post-judgment motion for reconsideration in a habeas proceeding, filed within 28 days of entry of the judgment, is properly construed as a motion to alter or amend the judgment under Rule 59(e). *Rishor v. Ferguson*, 822 F.3d 482, 489-90 (9th Cir. 2016) (citation omitted).

Although the responses and motion do not clearly state the relief Bass seeks, it appears that he wants the Court to reconsider the dismissal of his amended Petition. Bass filed his responses and motion between December 4 and 18, 2019. Because the documents were each filed no later than 27 days after entry of the judgment on November 21, 2019, the Court treats them as a motion to alter or amend judgment under Rule 59(e).

As the Ninth Circuit has recognized, "a Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quotation omitted). Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor*, 822 F.3d at 491-92; *see also Wood*, 759 F.3d at 1121 (citing *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

"A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *W. Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1053 (D. Nev. 2005). The fact that a litigant disagrees with the court's decision, but fails to present a legitimate basis for the court to reconsider its decision, will not entitle the litigant to relief. *E.g., Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion to reconsider in which plaintiff presented no arguments that were not already raised in his original motion).

Nothing in Bass's responses and motion convinces the Court that it clearly erred in dismissing this action as untimely. The documents do not cite—let alone attempt to comply with—the applicable legal standard for reconsideration. Bass argues that his OSC response was timely filed. (ECF No. 12 at 1-2.) This argument misses the mark. The Court did not find that Bass's OSC response was untimely. Rather, the Court thoroughly considered the OSC response and found that it "fail[ed] to provide any facts to show that his *original federal petition* was timely filed." (ECF No. 10 at 4 (emphasis added).) To the extent he seeks reconsideration, Bass has not stated a meritorious reason to reconsider prior rulings and alter the judgment in this case. The Court will therefore deny Bass's responses and motion.

Additionally, the Court stresses that parties must not communicate with the Court via letters or a "response to order." A document requesting a court order (including any request for reconsideration of an order) must be styled as a motion, not a letter, and clearly state the relief sought. *See* Fed. R. Civ. P. 7. Any further responses to the Court's orders will be disregarded.

### III. CONCLUSION

It is therefore ordered that Petitioner Harriston Lee Bass, Jr.'s Responses to Order (ECF Nos. 12, 13) and Motion for Order Requesting Relief (ECF No. 14) are construed as a motion for reconsideration under Rule 59(e) and denied.

DATED THIS 27th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE